ACCEPTED
01-15-00088-cv
FIRST COURT OF APPEALS
HOUSTON, TEXAS
8/28/2015 10:59:46 AM
CHRISTOPHER PRINE
CLERK

## NO. 01-15-00088-CV

**IN THE**
**FIRST DISTRICT COURT OF APPEALS**
**HOUSTON, TEXAS**

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
8/28/2015 10:59:46 AM
CHRISTOPHER A. PRINE
Clerk

## ROLAND MOUTON, JR. and DELORIAN MORGAN JONES, APPELLANT

## V.

## CHRISTIAN FAITH MISSIONARY CHURCH (AS ENTITY), CLARENCE ANDREWS, MARVIN NIXON, WALTER ERVIN, COREY WILSON, MARVIN RAUSAW, PRESTON COOK, and CHISTOPHER DOUGLAS, APPELLEES

Appealed from the 127th District Court of Harris County, Texas.

## APPELLANTS' REPLY BRIEF

HOLMES DIGGS & EAMES, PLLC

JUDITH SADLER
Texas Bar No. 17511850
NATHAN PRIHODA
Texas Bar No. 24068070
14701 St. Mary's Lane, Suite 315
Houston, Texas 77079
Tel. (713) 877-8111
Fax. (713) 877-8188
Email: jsadler@holmesdiggs.com

**Attorneys for Roland Mouton, Jr. and**
**Delorian Morgan Jones**

**Appellants request oral argument.**

## IN THE
## 1ST DISTRICT COURT OF APPEALS
## AT HOUSTON, TEXAS

**ROLAND MOUTON, JR. and DELORIAN MORGAN JONES,
APPELLANT**

**V.**

**CHRISTIAN FAITH MISSIONARY CHURCH (AS ENTITY), CLARENCE
ANDREWS, MARVIN NIXON, WALTER ERVIN, COREY WILSON,
MARVIN RAUSAW, PRESTON COOK, and CHISTOPHER DOUGLAS,
APPELLEES**

Appealed from the 127th District Court of Harris County, Texas.

## IDENTITY OF PARTIES AND COUNSEL

**Parties**

| | |
|---|---|
| Roland Mouton, Jr. | (Appellant) |
| Delorian Morgan Jones | (Appellant) |
| | |
| Christian Faith Missionary Church (as entity) | (Appellee) |
| Clarence Andrews | (Appellee) |
| Marvin Nixon | (Appellee) |
| Walter Ervin | (Appellee) |
| Corey Wilson | (Appellee) |
| Marvin Rausaw | (Appellee) |
| Preston Cook | (Appellee) |
| Christopher Douglas | (Appellee) |

**Attorneys for Appellants, Roland Mouton, Jr. and Delorian Morgan Jones**

Judith B. Sadler
Nathan Prihoda
Holmes, Diggs & Eames, PLLC
14701 St. Mary's Lane, Suite 315
Houston, Texas 77079
Tel. (713) 877-8111
Fax. (713) 877-8188

Russell C. Ducoff
Law Offices of Russell C. Ducoff
4615 Southwest Freeway, Suite 500
Houston, Texas 77027
Tel: (713) 655-8750
Fax: (866) 369-5413

**Attorney for Appellees, Christian Faith Missionary Chruch (As Entity), Clarence Andrews, Marvin Nixon, Walter Ervin, Corey Wilson, Marvin Rausaw, Preston Cook, and Christopher Douglas, on Appeal**

Janice L. Berg
Law Office of Janice Berg
1314 Texas Avenue, Suite 1515
Houston, Texas 77002
Tel: (713) 993-9100
Fax: (713) 225-0099

**Attorney for Appellees, Christian Faith Missionary Chruch (As Entity), Clarence Andrews, Marvin Nixon, Walter Ervin, Corey Wilson, Marvin Rausaw, Preston Cook, and Christopher Douglas, at Trial**

Bobbie Young
Attorney and Counselor at Law
6161 Savoy, Suite 1019
Houston, Texas 77036

**Additional Trial Counsel for Appellees, Christian Faith Missionary Chruch (As Entity), Clarence Andrews, Marvin Nixon, Walter Ervin, Corey Wilson, Marvin Rausaw, Preston Cook, and Christopher Douglas**

Kevin H. George
Kevin H. George & Associates, P.C.
440 Louisiana, Suite 1130
Houston, Texas 77002-4308

William H. Luck, Jr.
1412B Stonehollow Dr.
Houston, Texas 77339

# TABLE OF CONTENTS

IDENTITY OF PARTIES & COUNSEL ...............................................................i

INDEX OF AUTHORITIES ...............................................................................v

I.     BRIEF RE-STATEMENT OF FACTS .........................................................1

II.    INTRODUCTION AND SUMMARY OF THE ARGUMENT ..................3

III.   ARGUMENT AND AUTHORITIES.........................................................6

        A.    Appellants seek review of appellees' corporate misconduct, not
              church discipline..........................................................................6

        B.    By granting Appellees' plea to the jurisdiction, the trial court
              abdicated its constitutional responsibility to adjudicate this case ....10

IV.   CONCLUSION .........................................................................................15

CERTIFICATION .........................................................................................18

CERTIFICATE OF WORD COUNT COMPLIANCE ...................................19

CERTIFICATE OF SERVICE.........................................................................19

# INDEX OF AUTHORITIES

## CASES

*Chen v. Tseng*, No. 01-02-01005, 2004 WL 35989 (Tex.App.—
Houston [1st Dist.], January 8, 2004) (memo op.)..............................................13, 14

*Cnty. of Cameron v. Brown*, 80 S.W.3d 549 (Tex.2002).........................................11

*Dean v. Alford*, 994 S.W.2d 392, 395 (Tex.App.--Fort Worth 1999, no pet.)......4, 7

*Hawkins v. Friendship Missionary Baptist Church*, 69 S.W.3d 756
(Tex.App.—Houston [14th Dist.] 2002, no pet.).......................................................9

*Jones v. Wolf*, 443 U.S. 595, 99 S.Ct.3020 (1979)...................................................9

*Lacy v. Bassett*, 132 S.W.3d 119 (Tex.App—Houston [14th Dist.]
2004, no pet.).............................................................................................................9

*Masterson v. Diocese of Northwest Texas*,
422 S.W.3d 594 (Tex. 2013)...........................................................4, 5, 6, 7 9, 13

*Serbian E. Orthodox Diocese v. Milivojevich*, 426 U.S. 696,
96 S.Ct.2372 (1976) ...............................................................................................5, 6

*Tex. Dep't of Parks & Wildlife v. Miranda*,
133 S.W.3d 217 (Tex.2004) .....................................................................5, 10, 13, 14

*Thiagarajan v. Tadepalli*, 430 S.W.3d 589, 595 (Tex.App.—Houston [14th Dist.]
2014, pet. filed).......................................................................................................14

*Wal-Mart Stores, Inc. v. McKenzie*, 997 S.W.2d 278, 280 (Tex. 1999) .................4

*Westbrook v. Penley*, 231 S.W.3d 389 (Tex.2007) ................................................11

## STATUTES

Tex. R. App. P. 33.1 ................................................................................................14

## I.  **BRIEF RE-STATEMENT OF FACTS**

Because the record does not support the facts as presented by Appellees in their statement of facts, a brief re-statement of those facts would be of assistance to the Court.

First, Appellees have misidentified the parties to this lawsuit and to this appeal. Appellees include Christian Faith Missionary Church, but, contrary to the representations made in Appellees' response brief, the list of Appellees also includes Clarence Andrews, Marvin Nixon, Walter Ervin, Corey Wilson, Marvin Rausaw, Preston Cook, and Christopher Douglas. (*see, e.g.*, Br. For Appellees at ii, viii, 1). The underlying lawsuit named Messrs. Andrews, Nixon, Ervin, Wilson, Rausauw, Cook, and Douglas as Defendants, and Appellants named the same gentlemen as Appellees. It is simply inaccurate to state that the Christian Faith Missionary Church is the sole Appellee in this case when Messrs. Andrews, Nixon, Ervin, Wilson, Rasauw, Cook, and Douglas are and remain parties to this action as well.

Second, relying solely on the self-serving affidavit of Preston Cook[1], Appellees have misstated the management structure of the Church, which structure is accurately described both in the record and in Appellants' brief. Appellees state,

---

[1] It is worth pointing out that numerous fact issues exist in this case, most clearly illustrated in the differences between the affidavit of Delorian Morgan Jones (CR283-87) and the affidavit of Preston Cook (CR112-115). Appellants, as non-movants in front of the court below, were entitled to the resolution of all doubts in their favor. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex.2004).

1

incorrectly, that "the management of the affairs of the Church is vested in the board of trustees/directors[...]". (Br. for Appellees at 2). The By-Laws of the Church are clear: the management of the Church is vested in its Pastor and other officers, along with the Board of Deacons (CR 140) and the Board of Trustees (CR 140). The By-Laws do not mention, nor have they ever mentioned, a "Board of Directors." (*See* CR 123-151; *see also* CR 287, ¶32; *see also* Br. For Appellant at Tab 1).

Finally, in their statement of facts, Appellees attempt to re-cast their failure to abide by the secular terms of the Church By-Laws, especially as the By-Laws relate to the nomination and election of officers, as a legitimate—and non-secular—action. (Br. for Appellees at 3). This, too, is inaccurate because the record is replete with evidence that Appellees utterly failed to follow the procedures set forth in that document for choosing new officers. (*See, e.g.,* CR 283, ¶5; *see also* CR 131-32, ¶3-7; CR 138 at Section 7; CR 139; CR 140-41, beginning at Section 7; CR 142-43, specifically Sections 2-7 and Section 11; CR 144; etc.; *see also* Br. For Appellants at Tab 1).

While the pastorship of the Church was vacant, the entire church membership, including all individual Appellants and Appellees, were required to follow the Constitution and By-Laws of the Church. (*See* CR 283; *see also* CR 283-284, ¶¶7-8). This included the creation of a Pulpit Committee to "seek out a

2

suitable Pastor." (CR139). Instead, Appellee, Preston Cook, ignored what the non-religious terms of the By-Laws said and took it upon himself to unilaterally appoint an officer—namely, an interim pastor. (CR283, ¶13). There is no requirement in the By-Laws that the "board of directors"—a body that is not created or authorized at any point in the Church's Constitution or By-Laws (*see* CR123-151, generally)—"meet about or agree to a resolution that would have allowed [Appellants] to hold an election." (*See* Br. for Appellees at 2). As stated throughout Appellants' initial Brief, it is this failure to follow corporate procedure that Appellants complain of on appeal.

## II.   **INTRODUCTION AND BRIEF SUMMARY OF THE ARGUMENT**

Appellees entire brief centers on the notion that both Appellants' pleadings and Appellants' original brief are an attempt to involve this Court and the court below in a review of church policy, doctrine, or discipline. By attempting to cloak the case in the "ecclesiastical abstention doctrine," Appellees hope to obfuscate the secular issues  and their failure to abide by the secular terms of the church's constitution and by-laws, which is the true issue presented to the trial court. As Appellants pled, and as they discussed at length in their original brief, this case is about the interpretation and enforcement of the secular terms of a church's constitution and by-laws, and the improper ruling made by the trial court to dismiss this case based on Appellees' plea to the jurisdiction.

3

This case is not now, nor was it ever, a case regarding the propriety of church discipline. Appellants' live pleading shows as much: Appellants asked the Court to inquire into the secular terms of a church's by-laws to determine if Appellees' behavior violated those provisions. If, the court determines that a violation of the secular terms of the church's by-laws occurred, Appellants asked that the by-laws be enforced and for money damages. Texas law is clear that a reviewing court may apply neutral principles of law to interpret the non-religious terms of a church's foundational documents. *See Masterson v. Diocese of Northwest Texas*, 422 S.W.3d 594, 606 (Tex. 2013). This kind of review, which is all that Appellants seek, is certainly allowed by Texas law, even when a party to the litigation is a church. *See id.; see also Dean v. Alford*, 994 S.W.2s 392, 395) (Tex.App.—Fort Worth 1999, no pet.) (Texas courts have jurisdiction "to review matters involving civil, contract or property rights even though they stem from a church controversy"). That Appellees fail to engage this argument in any meaningful way is indicative of the correctness of Appellants' position, stated in their original brief: the trial court erred in this case, by relying on the ecclesiastical abstention doctrine in a case to which it simply does not apply.

Furthermore, while Appellees, apparently for the first time[2], claim that their

---

[2] It is troubling that Appellees only now raise their argument as to the reasoning behind their plea to the jurisdiction. To preserve an issue for appellate review, a party must present to the trial court a timely request, motion, or objection that states the **specific** grounds for the ruling requested and conforms to the requirements of the Rules of

4

plea to the jurisdiction was justified by the affirmative negation of jurisdiction in Appellants' pleadings, no such "affirmative negation" is clear from any review of the record. While Appellees make the same wrong-headed argument about "church discipline," Appellants instead pled a prima facie case of corporate malfeasance and unlawful usurpation of corporate power in front of the trial court below. Appellants did not ask that the trial court overrule any "disciplinary" actions taken against them by Appellees. Instead, Appellants requested that the court below evaluate the By-Laws of the church, a non-profit corporation, to see whether Appellees had violated them, and assess an appropriate punishment for any violation(s).

It was inclement on Appellees to prove their entitlement to dismissal for lack of subject matter jurisdiction, and they failed to do it. First, as previously noted, numerous fact issues pertaining to the dispute exist and Appellants, as non-movants in front of the court below, were and are entitled to the resolution of all doubts in their favor. *Miranda*, 133 S.W.3d at 228.

Second, both the facts of this case and the law plainly demonstrate that Appellees' plea to the jurisdiction should not have been granted. The trial court, nonetheless, incorrectly found in favor of Appellees, which result was error.

---

Procedure and Evidence. *See Wal-Mart Stores, Inc. v. McKenzie*, 997 S.W.2d 278, 280 (Tex. 1999) (emphasis added); Tex. R. App. P. 33.1(a)(1)(A)-(B). Failure to properly preserve an issue can lead to waiver or forfeiture of the argument.

Finally, Appellees do not argue that either of the remaining two *Miranda* grounds apply to the trial court's determination of the plea to the jurisdiction. Therefore, Appellees should not be allowed to make any arguments based on either test. *See* Br. for Appellees at 16; *see also Miranda*, 133 S.W.3d at 227.

## III.   ARGUMENT & AUTHORITIES

### A.   Appellants seek review of Appellees' corporate misconduct, not church discipline.

While Appellees focus their entire brief on the notion that Appellants are using this appeal to seek judicial review of church discipline or other ecclesiastical issues, that argument is entirely off-point. Appellants seek only the review of the actions Appellees took which violated the secular, non-religious terms of Church by-laws, especially as they related to the election of a church officer: namely, the pastor. While Appellees continue to try to cast their argument as one based solely on religious principles, the law is clear that appellate courts may review cases based on corporate malfeasance, even when the entity at issue is a church. *Serbian E. Orthodox Diocese v. Milivojevich*, 426 U.S. 696, 713 (1976).

The question at hand is whether this Court, and the court below, are permitted to resolve disputes regarding one or several parties' failure to abide by the secular terms of the church's Constitution and By-Laws as those non-religious terms relate to "corporate formation, governance, or dissolution." *See Masterson*

6

*v. Diocese of Northwest Texas*, 422 S.W.3d 594, 606 (Tex. 2013). This kind of review, which Appellants seek, is <u>unquestionably</u> allowed by Texas law, even when a party to the case is a church. *See id.; see also Dean v. Alford*, 994 S.W.2s 392, 395) (Tex.App.—Fort Worth 1999, no pet.) (Texas courts have jurisdiction "to review matters involving civil, contract or property rights even though they stem from a church controversy").

Appellees incorrectly contend that this case involves both ecclesiastical and non-ecclesiastical concerns, and therefore ask this Court to look to "the substance and effect" of Appellants' complaint before the trial court. (Br. for Appellees at 7). To do so would reveal that Appellants' case centered on whether Appellees had followed the non-religious, secular terms relating the governance of the non-profit corporation known as "Christian Faith Missionary Baptist Church." (CR171). Appellants' complaint asked of the trial court merely to hold Appellees accountable for their many failures to abide by those non-religious terms regarding, at least, the procedures and methods for electing an officer, the procedures for holding authorized meetings, the authority to hire attorneys or other professionals, or to allow large expenditures on behalf of the church as corporation. (Br. for Appellants at 19-20; *see also* CR171).

Appellees assert that "it is simply not possible to separate [Appellants'] claims from the fact that they were expelled from the Church." (Br. for Appellees

7

at 10). It is only in Appellees' pleadings that any contention is made that this case involves church doctrine – a strategy designed to encourage the Court not to consider the merits of Appellants' claims.

By relying on their assertion, Appellees are blinded to the actual case at bar. In the petition filed by Appellants, the court below was asked to "find the search process used by the Pulpit Search Committee [instituted by Appellants] was in accordance with the Church's By-Laws and Constitution, that the actions of [Appellees] [...] violated the Church's constitution and By-Laws, and that the Court award [Appellants] money damages in an amount within the Court's jurisdiction." (CR172). Nothing in the relief requested by Appellants sought judicial review of the steps taken by Appellees to "discipline" Appellants. (CR172). Appellants did not ask the trial court to "consider whether members were properly expelled." (Br. for Appellees at 13). Nor did Appellants ask the trial court to look into the propriety of those actions taken by Appellees against Appellants or to offer any remedy for such actions. Instead, Appellants asked that the trial court review and enforce those *secular provisions* of the Church's Constitution and By-Laws that related to the search for and appointment of an officer, namely the pastor. (CR172). Despite what Appellees would have this Court believe, this is not a case about church discipline. It is, and remains, a case about the failure of Appellees to follow the *secular terms* of the church's by-laws

8

and constitution.

While it is true that Appellants' pleadings are "replete" with "allegations of violations of the Church's Bylaws and Constitution and usurpation of authority," (Br. for Appellees at 7), those allegations of corporate malfeasance by Appellees were and are precisely within the purview of the trial court to review because those allegations involved the interpretation and enforcement of the secular terms of church documents, with no need to rely on even one religious precept to resolve them. The trial court could confidently resolve those disputes by applying neutral principles of law to the church's corporate documents, as requested by Appellants. *See Lacy v. Bassett*, 132 S.W.3d 119, 123 (Tex.App.—Houston [14th Dist.] 2004, no pet.); *see also Hawkins v. Friendship Missionary Baptist Church*, 69 S.W.3d 756, 758-59 (Tex.App.—Houston [14th Dist.] 2002, no pet.) (*citing Jones v. Wolf*, 443 U.S. 595, 604 (1979)).

As Appellees admit, a church dispute involving church by-laws can be resolved by the application of neutral principles of law where the by-laws expressly govern the question presented. (Br. for Appellees at 10) (*citing Masterson*, 422 S.W.3d at 608). Here, the By-Laws are clear on how the church was to proceed to identify and select its new executive officer, the pastor. (CR139, Section 5; *see also* CR283-84, ¶¶7-8). The record is also clear that Appellees, and specifically Appellee, Preston Cook, failed to follow those provisions in all

9

relevant parts, at all relevant times. (CR284-85, ¶¶13, 18-20). Even though Appellants properly brought this dispute in front of the trial court, the trial court nonetheless abdicated its authority to rule on this case, predicated at least in part on its misapplication of the ecclesiastical abstention doctrine. Therefore, the trial court committed error, and this Court should reverse the trial court's order of dismissal and remand this case for a new trial.

**B.    By granting Appellees' plea to the jurisdiction, the trial court abdicated its constitutional responsibility to adjudicate this case.**

The trial court committed error in granting a plea to the jurisdiction because Appellees, as movants, failed to show that they were entitled to a favorable ruling. In an effort to prop up that erroneous ruling, Appellees mistakenly focus the crux of their argument on their unsupported contentions that "it is clear that [the claims urged by Appellants in their live pleading] are rooted in the Church's decision to expel [Appellants]," and that "interpretation of the Bylaws required the trial court to interpret ecclesiastical doctrines." (Br. for Appellees at 15). Again, these arguments are nothing more than an attempt to redirect the trial court, and this Court's, attention away from the true basis of the suit, e.g. the secular terms of the could not be further from the truth.

Whether a pleader has alleged facts that affirmatively demonstrated a trial court's subject matter jurisdiction is a question of law to be reviewed de novo.

10

*Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). While the grounds for Appellees' plea to the jurisdiction were unclear, it appears now that they argue exclusively that Appellants' live pleadings negated the trial court's jurisdiction. (Br. for Appellees at 14). Thus, the trial court was required to determine whether Appellants' pleadings alleged facts that affirmatively demonstrated the trial court's jurisdiction to hear the action. *See Miranda*, 133 S.W.3d at 226. In reviewing a plea to the jurisdiction predicated on the affirmative negation of jurisdiction, a reviewing court should look only to the non-movant's pleadings and the evidence pertinent to the jurisdictional inquiry and eschew examination of the merits of the case. *Cnty. Of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex.2002). When reviewing a plea to the jurisdiction, a court must take as true all evidence favorable to the non-movant and indulge every reasonable inference—and resolve any doubts—in favor of the non-movant. *Miranda*, 133 S.W.3d at 228.

The case brought by Appellants in front of the trial court was and is a prima facie case of corporate malfeasance. Despite the many spurious claims of Appellees to the contrary, this case does not involve any discussion of church discipline.

Appellants concede that numerous provisions of the church's Constitution and By-Laws may not be open to interpretation or enforcement by the Court, as

11

Appellees argue. For instance, Appellants do not ask this Court or any court below to require "members to 'walk together in Christian love,' advance the interests, prosperity and spirituality of the Church, adhere to the worship, ordinance, discipline, and religious doctrine," and to enjoin members to "avoid tattling and backbiting." (Br. for Appellees at 15). Appellants similarly do not ask for an order setting forth or requiring church members to "carry out the principles of the King James Version of the Holy Bible." (Br. for Appellees at 15). Appellants readily concede that, had they made any such requests of any Texas court, a plea to the jurisdiction would have been appropriate. *See Westbrook v. Penley*, 231 S.W.3d 389, 394 (Tex. 2007).

However, those clearly ecclesiastical provisions of the church's corporate documents are not what are at issue in this case. Far from being so totally shot through with theological matters, the By-Laws at issue in this case are replete with non-religious procedures, and rules governing the church, and similarly the By-Laws set forth a number of secular duties for its officers, trustees, board members, and general members. (*See, e.g.,* CR131-32, §§3-7; CR139; CR140; CR140-41, beginning at §7; CR142-43, specifically at §§2-7 and §11; CR144; CR 283, ¶5; and Br. for Appellants at Tab 1, generally). The By-Laws set out in clear, secular, corporate language what constitutes the leadership of the corporation and the structure thereof. (CR140). The By-Laws further set forth the secular, non-

12

religious duties of the pastor, who serves as the executive officer of the non-profit corporation. (CR138). The By-Laws further set forth the processes to be followed—with no exception carved out therefor—in the event the position of pastor is vacated. (CR139).

Appellants asked the trial court to interpret these secular terms of the church's By-Laws and, in the event the trial court found that Appellees had violated these secular term, to enforce these provisions. (CR169-73). This inquiry is appropriate under Texas law and has been explicitly approved and adopted by the Texas Supreme Court and State Courts of Appeal. *See, generally, Masterson,* 422 S.W.3d at 606; *see also Chen v. Tseng,* No. 01-02-01005, 2004 WL 35989 at *6 (Tex.App.—Houston [1st Dist.], January 8, 2004) (memo op.) (in which this Court approved trial court's decision to interpret non-profit church corporation's by-laws to "make a determination of the validity of the selection of directors of the corporation"). Thus, what Appellees attempt to describe as "superfluous language about corporate documents and property disputes" constitute, indeed, the heart of Appellants' pleadings—as well as jurisdictional facts that provide the basis for the trial court to rule on the merits of the case.

Because Appellees did not defend the trial court's decision granting their plea to the jurisdiction on any other grounds, save and except their position that the pleadings affirmatively negate jurisdiction, Appellants do not need to engage in

13

any lengthy discourse regarding other potential grounds, except to say that, evaluated under any *Miranda* approach, Appellees were not entitled to the plea to the jurisdiction the trial court granted. Furthermore, Appellees should not be allowed to submit any further argument based on either of the remaining grounds set for by *Miranda*[3].

Contrary to Appellees' misstatement, this case is exactly on-point with *Chen v Tseng*: both cases involve the interpretation of by-laws and issues of corporate governance. *Chen* at *6; (Br. for Appellees at 16). Both cases center on whether some parties, acting in concert or on behalf of a church, followed the secular provisions of a church's written by-laws. *Id.* In *Chen*, this Court found that a trial court could permissibly apply neutral principles of law to such a set of by-laws to specifically determine "the validity of the selection of directors of the corporation." *Id.* The same inquiry is requested here, and the same result is required.

For Appellees, in the face of facts clear from the record and the great weight of Texas law, to argue now that Appellants' pleadings "affirmatively negated jurisdiction" is simply and utterly false. This Court is not required to take this baseless allegation as true; in fact, quite the opposite is correct. This Court must

---

[3] *Miranda* sets forth two other grounds for a plea to the jurisdiction: whether jurisdictional facts exist on the record, and whether, when the merits of the case are implicated, a review of evidence reveals no subject matter jurisdiction. *See Miranda*, 133 S.W.3d at 227. To the extent those arguments have not been raised by Appellee, either in front of the trial court or here, they should be waived. *See Wal-Mart Stores, Inc. v. McKenzie*, 997 S.W.2d 278, 280 (Tex. 1999) (emphasis added).

14

take as true all evidence favorable to Appellants and indulge every inference in their favor. *Miranda*, 133 S.W.3d at 228. Fortunately, the record more than demonstrates that Appellees were not entitled to dismissal for lack of subject matter.

Texas courts are bound to exercise the jurisdiction in them by the Texas Constitution, and they cannot delegate their judicial prerogative where jurisdiction exists. *Masterson*, 422, S.W.3d at 606. The proper exercise of jurisdiction requires courts in this state "to apply neutral principles of law involving religious entities in the same manner as they apply those principles to other entities and issues." *Thiagarajan v. Tadepalli*, 430 S.W.3d 589, 595 (Tex.App.—Houston [14th Dist.] 2014, pet. filed). The trial court failed to apply neutral principles of law in this issue, and this failure resulted in an unallowable abdication of the court's obligation to resolve this matter. Accordingly, this Court should reverse the trial court's decision and remand this matter for a new trial.

## IV. CONCLUSION

The trial court erred by applying the ecclesiastical abstention doctrine because the issues involve would not infringe on any activity or behavior protected by the First Amendment. Despite Appellees' protests to the contrary, this is not a case about church discipline or theological matters. It is about corporate malfeasance, wrongful usurpation of authority, and the total failure by Appellees to

15

follow the secular terms of the church's written corporate governance documents, especially where those documents explicitly govern the processes by which the leadership and members of the church were to follow for selecting its officers. Furthermore, Appellees cannot show that they were entitled to the dismissal granted by the trial court because Appellants' live pleadings do not affirmatively negate the trial court's ability to hear the case. In light of these conclusions, the trial court erred in granting Appellees' plea to the jurisdiction and should not have dismissed this case. Accordingly, Appellants are entitled to a reversal of the trial court's order of dismissal and a remand for a new trial on the merits.

Respectfully submitted,

**HOLMES, DIGGS & EAMES, PLLC**

_[signature]_

**Judith B. Sadler**
Texas Bar No. 17511850
**Nathan Prihoda**
State Bar No. 24068070
14701 St. Mary's Lane, Suite 315
Houston, Texas 77079
Tel. (713) 877-8111
Fax. (713) 877-8188
Email: jsadler@holmesdiggs.com

AND

**Russell C. Ducoff**
Texas Bar No. 06158500
4615 Southwest Freeway, Suite 500
Houston, Texas 77027
Tel: (713) 655-8750
Fax: (866) 369-5413
Email: rcducoff@gmail.com

**Attorneys for Appellants, Roland
Mouton, Jr. and Delorian Morgan-Jones**

17

# CERTIFICATION

STATE OF TEXAS     §
                        §
COUNTY OF HARRIS   §

Before me, the undersigned notary on this day personally appeared Judith Sadler, the affiant, a person whose identity is known to me. After I administered an oath to the affiant, affiant testified:

"My name is Judith Sadler. I am capable of making this certification. The documents attached herein are originals, true copies of originals, or certified copies of the originals. I have reviewed the Appellants' Reply Brief and concluded that every factual statement in the petition is supported by competent evidence included in the appendix attached to Appellants' original brief or the record in this case."

_____
Judith Sadler

SIGNED under oath before me on August 28, 2015.

_____
Notary Public, State of Texas



CAROLYN ANDERS
MY COMMISSION EXPIRES
February 3, 2016

18

## CERTIFICATE OF WORD COUNT COMPLIANCE

Pursuant to Rule 9.4, I hereby certify that the number of words in this document – exclusive of caption, identity of parties and counsel, statement regarding oral argument, table of contents, index of authorities, statement of the case, statement of issues presented, statement of jurisdiction, signature, proof of service, certification, and certificate of compliance—is **3,885 words**. I further certify that the font size meets the requirements of Tex. R. App. Proc. 9.4(e).

*/s/ Judith B. Sadler*
Judith Sadler

## CERTIFICATE OF SERVICE

Pursuant to the Texas Rules of Appellate Procedure, I hereby certify that on the 28th day of August, 2015, a true and correct copy of Appellants' Reply Brief was forwarded to all counsel of record. My e-mail for service of process is LGrant@holmesdiggs.com.

*/s/ Judith B. Sadler*
Judith Sadler